IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAROLD J. ULEP, #A0235774,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY, *et al.*,<br><br>　　　　Defendants. | CIVIL NO. 20-00534 JAO-KJM<br><br>ORDER DISMISSING ACTION AND DENYING IN FORMA PAUPERIS APPLICATION |

**<u>ORDER DISMISSING ACTION AND</u>**
**<u>DENYING IN FORMA PAUPERIS APPLICATION</u>**

　　Before the Court is Plaintiff Darold J. Ulep's ("Ulep") Prisoner Civil Rights Complaint ("Complaint") brought pursuant to 42 U.S.C. § 1983, ECF No. 1, and his Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"), ECF. No. 2.  Ulep alleges that Defendants[1] violated his civil rights during his current pretrial confinement at the Oahu Community Correctional Center

---

[1] Ulep names as Defendants the State of Hawaii Department of Public Safety and the Department of Health.  ECF No. 1 at 1.

("OCCC"), where he tested positive for COVID-19.[2] ECF No. 1 at 5. For the following reasons, this action is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Ulep's IFP Application is DENIED.

## I. **STATUTORY SCREENING**

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is

---

[2] Ulep attempts identical claims in another case currently pending before this Court. *See Ulep v. State of Haw., Dep't of Pub. Safety*, Civ. No. 20-00532 JAO-KJM (D. Haw.).

"plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint; Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard.  *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. BACKGROUND[3]

At some point during Ulep's pretrial detention at the OCCC, he was quarantined for eighteen days. ECF No. 1 at 5. Ulep took three COVID-19 tests between August 9 and August 25, 2020. *Id.* On August 28, 2020, he received a positive test result. *Id.* Ulep claims that during an unspecified period he was housed with three other inmates in a "small" cell. *Id.* Ulep further claims that social-distancing policies were not followed at the OCCC. *Id.* Ulep seeks $150,000 in damages, $500,000 in life in insurance, and "executive medical insurance."[4] *Id.* at 10.

## III. DISCUSSION

### A. Legal Framework for Claims under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged

---

[3] Ulep's factual allegations are accepted as true. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[4] To the extent Ulep asks the Court to dismiss pending state criminal charges, ECF No. 1 at 10, such a claim is barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 43–46 (1971).

deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

**B.      Eleventh Amendment Immunity**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Nor does it bar suits for damages against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Ulep names as Defendants the State of Hawaii Department of Public Safety and the Department of Health.  ECF No. 1 at 1.  Any claims against the State of Hawaii and its agencies are barred by the Eleventh Amendment.  *See Neal v. Shimoda*, 131 F.3d 818, 832 n.17 (9th Cir. 1997) ("We . . . agree with the district court that the State of Hawaii is entitled to the protections of sovereign immunity under the Eleventh Amendment." (citation omitted)); *Blaisdell v. Haw. Dep't of Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) ("The district court properly dismissed [plaintiff's] action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment." (citation omitted)); *Woods-Bateman v. Hawaii*, Civ. No. 07-00119 HG LEK, 2008 WL 2051671, at *4–5 (D. Haw. May 13, 2008) (concluding that claims against the Department of Health were barred by the Eleventh Amendment).  Ulep's claims against the State of Hawaii Department of Public Safety, and the Department of Health are DISMISSED with prejudice.  If Ulep would like to amend his pleading, he must do so in his other action pending before this Court, *Ulep v. Haw. Dep't of Pub. Safety*, Civ. No. 20-00532 JAO-KJM (D. Haw.).

//

//

//

//

## IV. **CONCLUSION**

(1)  Ulep's Complaint is DISMISSED without prejudice.  Any amended pleading must be filed in Ulep's other action currently pending before this Court, *Ulep v. Haw. Dep't of Pub. Safety*, Civ. No. 20-00532 JAO-KJM (D. Haw.).

(2)  The IFP application is DENIED as moot.

(3)  The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, December 11, 2020.



Jill A. Otake
United States District Judge

*Ulep v. State of Hawaii Department of Public Safety, et al.*, Civ. No. 20-00534 JAO-KJM; ORDER DISMISSING ACTION AND DENYING IN FORMA PAUPERIS APPLICATION

7